Pro Se 1 (Rev. 12/16) Complaint for a Civil Case



FILED

# UNITED STATES DISTRICT COURT
for the
Northern District of West Virginia

\_\_\_MARTINSBURG_____ Division

NOV 1 5 2023

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

Kelli Chan

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Department of Human Services
Office of Secretary of Human Services Rafael J.Lopez, et.al

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 3:23cv236

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ✔ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Kelli Chan |
   | Street Address | 124 Quail Ridge Lane |
   | City and County | Ridgeley, Mineral |
   | State and Zip Code | West Virginia, 26753 |
   | Telephone Number | 301-268-7989 |
   | E-mail Address | Kellimchan17@yahoo.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: Rafael Lopez,
- Job or Title *(if known)*: Secretary, Maryland Department of Human Services
- Street Address: 311 West Saratoga Street
- City and County: Baltimore
- State and Zip Code: Maryland, 21201
- Telephone Number: 301-784-7000
- E-mail Address *(if known)*: Rafael.lopez@maryland.gov

Defendant No. 2
- Name: Courtney Winterburg Thomas
- Job or Title *(if known)*: Allegany County Department of Social Services, Director
- Street Address: 1 Frederick Street
- City and County: Cumberland, Allegany
- State and Zip Code: Maryland, 21502
- Telephone Number: 301-784-7000
- E-mail Address *(if known)*:

Defendant No. 3
- Name: Cindy Walker
- Job or Title *(if known)*: Human Resources Officer
- Street Address: 1 Frederick street
- City and County: Cumberland, Allegany
- State and Zip Code: Maryland, 21502
- Telephone Number: 301-784-7000
- E-mail Address *(if known)*:

Defendant No. 4
- Name: Jaynie Haycock
- Job or Title *(if known)*: Retirement coordinator
- Street Address: 1 Frederick Street
- City and County: Cumberland, Allegany
- State and Zip Code: Maryland 21502
- Telephone Number:
- E-mail Address *(if known)*:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question     [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 USC CH. 12112 AMERICANS WITH DISABILITIES ACT (ADA)
ADA AMENDMENTS ACT OF 2008 (ADAAA)
29 USC CH. 28 FAMILY LEAVE MEDICAL ACT (FLMA)
29 USC SEC. 621-634 AGE DISCRIMINATION IN EMPLOYMEMT ACT (ADEA)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.     If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

See attached Addendum #2

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached Addendum #1

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached Addendum #2

Addendum #1

STATEMENT OF THE CASE

Plaintiff was employed by Allegany County Department of Social Services as a Family Preservation Caseworker in Child Welfare beginning in 1999. In 2005 Plaintiff began work as a Family Services Therapist. As the family therapist, Plaintiff has special certifications in play therapy, trauma therapy,  supervision and had been qualified as an expert witness for the courts regarding child development, trauma, play therapy, and parenting and attachment. In 2017 Plaintiff began having medical issues of an undiagnosed nature. Under Governor Hogan's Executive Order, in March of 2020 the Plaintiff was designated an Essential Person, and continued to work through the COVID epidemic as an on-site employee and virtually through teleworking from home.  Despite documented health issues her Performance Evaluation Plan (PEP's) were scored outstanding and job performance evaluations reflected that all job duties exceeded expectations.

In March 2022 Plaintiff's medical conditions progressed to the point that her doctors placed her on medical leave indefinitely due to being disabled, per notification to Defendants. At that time Plaintiff was placed in a paid leave status using accrued personal, compensatory, sick, vacation, and donated leave from employee to employee.

In May of 2022 Plaintiff requested accommodations that would allow her to work in a limited capacity but was denied. In June 2022 Plaintiff applied for disability retirement to the Maryland State Retirement Board, at the suggestion of Janie Haycock, the Retirement Coordinator for Allegany County Department of Social Services. Her application  was denied on September 1, 2022 by the retirement board, stating they determined that "you are not permanently disabled". On September 7, 2022 Plaintiff was notified by letter from Ms. Haycock that she was placed on a leave without pay status, as she was out of all paid leave, and that her application for disability retirement precluded her from accessing further Employee to Employee

leave donations and the Maryland Employee Leave bank. The Plaintiff then requested to use her 90 days FMLA eligibility to maintain her position and health benefits.

In a letter dated September 26, 2022 Plaintiff was informed by the Director of Allegany County Department of Social Services, Courtney Thomas-Winterburg, that her 12 weeks of FMLA leave was exhausted as of June 15, 2022 while she was using paid leave, that her absence is causing a hardship for the agency, and the agency needed to "free up your position". She was then advised in a meeting with Ms. Winterburg, Ms. Walker and Ms. Haycock, that she should resign in good standing to be eligible for reinstatement.

Plaintiff was further notified in an email on October 12, 2022 from Ms. Cindy Walker, Allegany County Human Resource Officer, that the department would like to schedule a meeting whereby the Plaintiff would be given a chance to explain why she should not be terminated. A meeting was held on October 25, 2022, where Plaintiff was again advised to resign in good standing to be eligible for reinstatement to Allegany County Department of Social Services, or any state employment; or, that she should return to work with full medical clearance. Plaintiff claimed that she was being denied her rights under the Families and Medical Leave Act, and ADA, due to defendant's refusal to make accommodations for her to maintain employment.

The Plaintiff submitted her resignation as of October 31, 2022, effective November 1, 2022 stating her decision was under duress, and that she felt she was being constructively discharged, as an immediate return to work on a 100% capacity, would have been intolerable.

On June 1, 2023 Plaintiff filed a charge of discrimination with the Maryland Commission on Civil rights (EEOC) after noting that the Dedendants had hired a younger male person to fill her position, and on August 22, 2023 the EEOC issued a no determination notification with the enclosed letter of Right to Sue.

ADDENDUM #2

DAMAGES

Plaintiff states that the Defendant caused the following compensatory damages: Loss of yearly salary until age 62. Based on previous years W2, with a projected 2% cost of living raise per year until age 62, projected income lost is $843,999.00. Plaintiff projects a loss of $398,040.00 in insurance and health benefits. Plaintiff has depleted her entire 401k, $40,000, and at $600 a year contribution, for 10 years projects at least a $6000 loss in contributions. The Plaintiff has calculated the compensatory damages at approximately $1.288,039.00.

Plaintiff asserts that punitive damages suffered as a result of the Defendants actions, include but are not limited to her losing continuity of medical care and medication regime, loss of primary care physician, and it effectively exacerbated her medical issues. Further, Defendants actions showed a willful constructive pre-determination to force her from her position to include: mishandling of fmla, refusal to offer workplace accommodations in order for her to maintain her position,  insisting on a return to work 100% medically cleared or be terminated, and is further evidenced by the hiring a younger male person to fill her position.

While Plaintiff recognizes that there is no amount that can quantify her pain and suffering, taking into account the 1.28 million dollar compensatory damage figure and doubling it, would total 2,576,000.00. With this total, in addition to the compensatory claim of 1.28 million, the Plaintiff is seeking damages in the amount of $3, 864, 117.00.

| V. | **Certification and Closing** |

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

| A. | **For Parties Without an Attorney** |

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/10/2023

Signature of Plaintiff        *Kelli M. Chan*
Printed Name of Plaintiff     Kelli M. Chan

| B. | **For Attorneys** |

Date of signing: 

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address